1
2
3 **UNITED STATES DISTRICT COURT**
4 **EASTERN DISTRICT OF CALIFORNIA**
5

6 **KEVIN FRANKEN,**

7 **Plaintiff**

8 **v.**

9 **RYAN D. McCARTHY, Secretary of the United States Army,**
10
11 **Defendant**
12

**CASE NO. 2:19-CV-2172 AWI EPG**

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

(Doc. No. 10)

13       This is a discrimination lawsuit brought by pro se Plaintiff Kevin Franken ("Franken")
14 against his former employer, the Defendant United States Army ("Army").  Currently before the
15 Court is the Army's Rule 12(b)(6) motion to dismiss.  For the reasons that follow, the motion will
16 be granted, and this case will be closed.

17
18                                   **BACKGROUND**
19       Franken was employed as an Army Corps of Engineers Park Ranger at New Hogan Lake,
20 California from February 2013 to April 2017.  During his employment, Franken filed over 400
21 Equal Employment Opportunity ("EEO") complaints regarding disparate treatment, retaliation,
22 hostile work environment, and harassment.  Franken was removed from his position for conduct
23 unbecoming of a federal employee.  Following his removal, Franken filed an EEO complaint
24 regarding his removal/termination.  The Army upheld the removal and Franken appealed to the
25 Merit Systems Protection Board ("MSPB") in October 2017.  The Administrative Law Judge
26 upheld the removal, and Franken filed a petition for review, which remains pending.
27       Between May 2017 and July 2018, Franken (through counsel) filed four lawsuits, one in
28 the Eastern District of California and three in the Northern District of California.  Each of these

lawsuits dealt with discrimination against Franken while employed at Hogan Lake.  All four cases eventually found their way to the Eastern District of California and were later consolidated and stayed by the undersigned on May 1, 2019.  See Franken v. McCarthy, Eastern Dist. of Cal. Case No. 1:18-cv-1687 AWI EPG ("*Franken I*") at Doc. No. 71.[1]  *Franken I* remains stayed pending resolution of the MSPB proceedings.

On May 24, 2019, Franken in a pro se capacity filed a fifth lawsuit in this Court.  The fifth lawsuit, *Franken v. McCarthy*, 1:19-cv-1655 AWI EPG ("*Franken V*") largely repeats the allegations and claims made in *Franken I* but also includes post-termination allegations and claims.  *Franken V* was related to *Franken I* on January 24, 2020, but the cases were not consolidated.  *Franken V* was also stayed, and remains stayed, pending resolution of the MSPB proceedings.

On October 28, 2019, before completing service in *Franken V*, Franken in a pro se capacity filed this case.  Franken repeats the same allegations and claims in this case as he did in *Franken I* and *Franken V*.

### RULE 12(b)(6) STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015).  The Court is "not

---

[1] The consolidation order merged all four cases, so there is now only one case that is composed of the allegations made in the four cases filed between May 2017 and July 2018; that one case is *Franken I*.  See Franken v. McCarthy, 1:18-cv-1687 AWI EPG at Doc. No. 71.

required to accept as true allegations that contradict exhibits attached to the Complaint or matters

properly subject to judicial notice, or allegations that are merely conclusory, unwarranted

deductions of fact, or unreasonable inferences." <u>Seven Arts Filmed Entm't, Ltd. v. Content Media</u>

<u>Corp. PLC</u>, 733 F.3d 1251, 1254 (9th Cir. 2013).  To avoid a Rule 12(b)(6) dismissal, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." <u>Iqbal</u>, 556 U.S. at 678; <u>Mollett</u>, 795 F.3d at 1065.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678; <u>Somers</u>

<u>v. Apple, Inc.</u>, 729 F.3d 953, 959 (9th Cir. 2013).  "Plausibility" means "more than a sheer

possibility," but less than a probability, and facts that are "merely consistent" with liability fall

short of "plausibility." <u>Iqbal</u>, 556 U.S. at 678; <u>Somers</u>, 729 F.3d at 960.  In assessing a motion to

dismiss, courts may consider documents attached to the complaint, documents incorporated by

reference in the complaint, or matters subject to judicial notice.  <u>In re NVIDIA Corp. Sec. Litig.</u>,

768 F.3d 1046, 1051 (9th Cir. 2014).  If a motion to dismiss is granted, leave to amend need not be

granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite

repeated opportunities.  <u>Garmon v. County of L.A.</u>, 828 F.3d 837, 842 (9th Cir. 2016).


## **DEFENDANT'S MOTION**

### *Defendant's Argument*

The Army argues that vast majority of the claims alleged in this case are also being made

in *Franken I* and *Franken V*.  This is impermissible and all duplicative claims should be

dismissed.  The Army also argues that Franken is pursuing two claims that are not duplicative, but

are nevertheless subject to dismissal.  Franken is pursuing claims based on gossip that was only

discovered after his termination.  However, the gossip is not an adverse action and cannot support

any liability.  Franken also is pursuing claims based on allegedly perjured testimony at a May

2018 MSPB hearing.  However, the proper avenue for complaining about perjured testimony is

through that administrative procedures of the MSPB, not the anti-discrimination statutes.

Therefore, the non-duplicative claims fail to state a claim and dismissal is appropriate.

1   *Plaintiff's Opposition*

2   Franken filed no opposition or response of any kind to the Army's motion to dismiss.

3   *Discussion*

4       1.    Duplicate Claims

5   There is generally "no right to maintain two separate actions involving the same subject

6   matter at the same time in the same court and against the same defendant." Adams v. California

7   Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563

8   F.2d 66, 70 (3d Cir. 1977) (en banc)). District courts have broad discretion to control their

9   dockets, which includes the power to dismiss duplicative claims and lawsuits. See M.M v.

10   Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012); Adams, 487 F.3d at 688. "Dismissal of

11   the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings,

12   promotes judicial economy and the comprehensive disposition of litigation." Adams, 487 F.3d at

13   692.

14   Here, the vast majority of Franken's Complaint in this case is identical to allegations and

15   claims found in *Franken I* and *Franken V*, including some of the same typographical errors.

16   Franken makes no attempt to distinguish or defend the claims included in this case that are also

17   being pursued in *Franken I* and *Franken V*. In the absence of an opposition from Franken, the

18   Court concludes that the Complaint in this case is largely and impermissibly duplicative of

19   *Franken I* and *Franken V*. Therefore, each claim in this case that is being pursued in *Franken I*

20   and/or *Franken V* will be dismissed without leave to amend. See M.M., 681 F.3d at 1091; Adams,

21   487 F.3d at 688, 692.

22       2.    Non-Duplicative Claims

23   The Army identifies fourteen paragraphs that appear to be unique to this case.[2] The

24   allegations involve gossip against Franken and false testimony during an MSPB on May 10, 2018.

25   With respect to gossip, the Complaint alleges that Franken he was the subject of gossip

26   from the summer of 2015 through his termination in April 2017. See Complaint ¶ 31. Franken

27

28   [2] Those are numbers 30, 31, 33, 34, 76, 77, 124, 125, 180, 181, 253, 254, 388, and 389.

1    learned about the gossip in May 2018 from testimony at MSPB proceedings regarding his

2    termination.  See id.  The gossip apparently was that Franken had filed a number of EEO

3    complaints against many individuals.  See id.  Franken includes this gossip as a basis for claiming

4    "sex and gender based discrimination and hostility," see id. at ¶ 77, "disability based

5    discrimination and hostility," see id. at ¶ 125, "retaliation," see id. at ¶ 181, "hostile work

6    environment," see id. at ¶¶ 254, 389.

7        With respect to false testimony, the Complaint alleges that various agency employees

8    testified at the May 10, 2018 MSPB hearing.[3]  See id. at ¶ 30.  The employees failed to disclose

9    material and relevant information and failed to answer questions in a candid, forthright,

10    responsive, and transparent manner, and made inaccurate, misleading, and untrue statements.  See

11    id.  Franken includes allegations about this false and non-forthright testimony as a basis for

12    claiming "sex and gender based discrimination and hostility," see id. at ¶ 76, "disability based

13    discrimination and hostility," see id. at ¶ 124, "retaliation," see id. at ¶ 180, "hostile work

14    environment," see id. at ¶¶ 253, 388.

15             a.     Gossip

16        As indicated above, the alleged "gossip" was that Franken had filed many EEO reports

17    against many individuals.  There are at least two critical problems with Franken's "gossip" based

18    claims.

19        First, Franken did not learn of the gossip until about one year after his termination.  The

20    allegations do not adequately explain how this unknown gossip adversely affected Franken's

21    employment.

22        Second, courts generally find that co-worker ostracism, see Manatt v. Bank of Am., 339

23    F.3d 792, 803 (9th Cir. 2003) (allegations that a supervisor stared angrily at the plaintiff and

24    allowed coworkers to be mean to the plaintiff was not actionable because "mere ostracism" in the

25    workplace is not actionable); Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000)

26    ("Because an employer cannot force employees to socialize with one another, ostracism suffered

27

28    _____

[3] The MSPB apparently conducted proceedings on May 10, 11 and 15, 2018.  For ease of reference, the Court will simply refer to these three dates as the "May 2018 MSPB hearing."

1  at the hands of coworkers cannot constitute an adverse employment action."), and gossip, see

2  Clarkson v. SEPTA, 700 F. App'x 111, 115 (3d Cir. 2017) ("[T]he sporadic threats of termination,

3  workplace gossip, and disparaging comment, do not rise to the level of a materially adverse

4  employment action.  The antiretaliation provisions do 'not set forth a general civility code for the

5  American workplace.'" (citation omitted)); Clemmons v. Academy for Educ. Dev., 107 F.Supp.3d

6  100, 121 (D. D.C. 2015) (holding that plaintiff's "allegations of workplace criticisms, gossip,

7  rudeness, and subjective changes in perception are simply insufficient to establish an objectively

8  hostile work environment."); Davis v. NYS Dept. of Corr., 46 F.Supp.3d 226, 236 (W.D. N.Y.

9  2014) ("Whispering, gossiping, and making negative comments about an employee also do not

10  rise to the level of an adverse employment action because they do not materially change the terms

11  and conditions of employment."); Webb v. Round Rock Indep. Sch. Dist., 2013 U.S. Dist. LEXIS

12  116109, *13-*14 (W.D. Tex. Aug. 16, 2013) ("The fact that co-workers may have been gossiping

13  or talking about [plaintiff] does not rise to the level of an adverse employment action."); Derringe

14  v. Old Nat'l Bank, 2006 U.S. Dist. LEXIS 78669, *15 (S.D. Ind. Oct. 27, 2006) ("Evidence of

15  office gossip amongst one's co-workers, in and of itself, is insufficient to establish a hostile work

16  environment."); Rheineck v. Hutchinson Tech., Inc., 171 F.Supp.2d 915, 929 (D. Minn. 2000)

17  (holding that, after an employer took remedial measure, the "ensuing gossip and rumors in the

18  workplace . . . did not constitute actionable sexual harassment under Title VII."); but see Stutler v.

19  Illinois Dept. of Corr., 263 F.3d 698, 703 (7th Cir. 2001) (explaining that retaliatory harassment

20  had been found in a prior case where co-workers had "embarked on a campaign of vicious gossip

21  and profanity aimed at making '[plaintiff's] life hell' in response to her complaints that a

22  supervisor sexually harassed her.") do not constitute an adverse employment action.  The gossip in

23  this case is not shocking, scandalous, defamatory, or hurtful, nor can it be classified as vicious and

24  part of a campaign to make Franken's life hell because he engaged in protected conduct.  In fact,

25  the "gossip" appears to be accurate as Franken admits in the Complaint that he submitted over 400

26  EEO complaints over a roughly four year span, and (as stated above) Franken did not even know

27  about the gossip while he was an employee of the Army.  There is nothing about the gossip

28  identified that would take it out of the general rule that gossip is not actionable under the anti-

discrimination statutes.

In sum, the gossip identified is not actionable.  Therefore, dismissal without leave to amend of all claims based on the "gossip" identified in Paragraph 31 is appropriate.

b.      False and Non-Forthright Testimony

Like the claims based on "gossip," there are at least two critical problems with Franken's "false and non-forthright" MSPB testimony claims.

First, the allegations are conclusory and do not explain what was actually said by the various Army officials during the May 2018 MSPB testimony.  Not all false or non-forthcoming statements are material, nor will they necessarily adversely affect Franken.  The MSPB proceedings are still on-going through the administrative appellate process.

Second, the general rule is that false or perjured testimony given as part of administrative proceedings or a trial does not constitute retaliation or discrimination for purposes of Title VII. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993) ("Title VII is not a cause of action for perjury; [there are] other civil and criminal remedies for that."); Lenahan v. Johnson, 2016 U.S. Dist. LEXIS 11992, *5-*8 (E.D. Pa. Feb. 1, 2016) (rejecting Title VII claims based on testimony at an EEOC hearing that was "outright false" and "lacking in any documentary support."); Mamman v. Chao, 2011 U.S. Dist. LEXIS 50903, *10-*20 (D. N.J. May 12, 2011) (rejecting claims based on employees giving allegedly perjured testimony at an MSPB hearing); Duncan v. Henderson, 2000 U.S. Dist. LEXIS 8588, *10 (D. Or. Mar. 16, 2000) ("Further, any issues plaintiff had about fraud, mishandling, and perjury in his MSPB cases should have been raised in administrative and/or judicial appeals of those decisions."); cf. McKenzie v. Illinois DOT, 92 F.3d 473, 485 (7th Cir. 1996) ("An attempt to obstruct the litigation of the underlying discrimination complaint, like oppressive discovery requests and the withholding of other evidence, is inseparable from the litigation of the claim.").  The conclusory allegations (and lack of opposition) do nothing to suggest that the testimony at issue may somehow be the "rare case" in which the testimony at issue could support some form of actionable discrimination.  See Steffes v. Steppan Co., 144 F.3d 1070, 1075-76 (7t h Cir. 1998) ("[I]t will be the rare case in which conduct occurring within the scope of litigation constitutes retaliation prohibited by [anti-discrimination

statutes]."); <u>Mamman</u>, 2011 U.S. Dist. LEXIS 50903 at *18.

In sum, the allegations regarding "false and non-forthright testimony" are not actionable. Therefore, dismissal without leave to amend of all claims based on the "false or non-forthright testimony" at the May 2018 MSPB hearing (as identified and explained in Paragraph 30) is appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendant's motion to dismiss (Doc. No. 10) is GRANTED;

2.    All claims in this matter that are also being pursued in the *Franken I* and *Franken V* cases are DISMISSED without leave to amend as they are impermissibly duplicative;

3.    All other claims, i.e. claims based on "gossip" and "false and non-forthright testimony" at the May 2018 MSPB hearing, are DISMISSED without leave to amend; and

4.    The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   May 22, 2020                           _____

                                             SENIOR  DISTRICT  JUDGE